# Board of Registration Com'rs of City of Louisville et al. v. Warren et al.
### Aug. 14, 1950
#### W. Scott Miller, Judge

Gilbert Burnett, James E. Thornberry, and Lawrence G. Duncan, for appellants .

Thomas S. Dawson, L. Lyne Smith Jr., Henry L. Brooks, Stuart E. Lampe, and Robert Burke, Jr., for appellees.

JUDGE CAMMACK—Affirming.

The appellees, James C. Warren and Rocco Patella, filed this action seeking a declaration of their rights to vote in the November, 1950 election in Louisville without their re-registering and requesting a mandatory injunction requiring the appellants, The Board of Registration Commissioners of the City of Louisville and James F. Queenan, Clerk of the Jefferson County Court, to effectuate the transfer of their respective registrations to the proper precincts. The appellants filed demurrers to the petition and petition as amended, which demurrers were overruled. Upon the appellants' failure to plead further the Chancellor entered judgment as prayed by the appellees, from which this appeal is taken.

The appellee, James C. Warren, resides in an area known as "Aberdeen" formerly outside the City of Louisville but annexed thereto by the City on May 8, 1950. On May 18, 1950 that area became City Voting Precinct No. 29 of the First Ward of the City of Louisville. Prior to the annexation Mr. Warren was a legally registered Democratic voter in Jefferson County and entitled to vote therein. The appellee, Rocco Patella,

resides in an area known as "Bowman Field" formerly outside the City of Louisville but annexed thereto by the City on December 16, 1949. On April 10, 1950 this area became City Voting Precinct No. 28 of the First Ward of the City of Louisville. Prior to the annexation, Mr. Patella was a legally registered Republican voter in Jefferson County and legally entitled to vote therein. Neither appellee has changed his residence, but the boundaries of their respective precincts have been changed as a consequence of annexation.

The appellant, Board of Registration Commissioners of the City of Louisville, has refused to accept the transfer of the appellees' registration record on the ground that the appellees are required to re-register in the City. The appellant, Clerk of the Jefferson County Court, is ready and willing to transfer the registration records.

KRS 117.280 provides: "When the boundaries of any precinct are changed by law and the change places a registered voter in a new or different precinct, the board of registration commissioners shall transfer the individual registration record of the voter to the precinct register for the precinct in which he is placed by the change of boundaries. The transfer shall be made automatically, without any application therefor by the voter. The date on which the change is made and the reason therefor shall be noted on the individual's registration record, and also on the registrant's card kept in the record file arranged alphabetically for the entire city, and a notice thereof shall be mailed by the board to the voter, advising him thereof and the reason therefor."

The appellants insist that this section does not authorize or require a transfer to a new city precinct of county registration records and that KRS 117.280 was not intended to encompass such a change. The appellants point out that separate provision was made for registration within and without cities of the first class, that the information required for registrants differs in some details and that the forms vary in size and make-up as between cities of the first class and other areas. The appellants also point out that KRS 117.280 is included among sections dealing exclusively with registration in cities of the first class and that the original act, Acts 1930, Chapter 48, dealt solely with the registration of voters in cities of the first class.

The appellees, however, insist that KRS 117,280 is applicable to the present situation because effect must be given to the intent of the General Assembly to safeguard the interests of qualified voters, citing Board of Registration Commissioners v. Campbell, 251 Ky. 597, 65 S.W.2d 713.

This view of the matter is strengthened by reference to KRS 117.100(2) which reads: ''When the boundaries of any precinct are changed by law and the change places a registered voter in a new or different precinct, the county clerk shall transfer the individual registration record of the voter to the precinct registrar for the precinct in which he is placed by the change of boundary. The transfer shall be made automatically, without any application therefor by the voter. The date on which the change is made and the reason therefor shall be noted on the individual's registration record, and a notice thereof shall be mailed by the county clerk to the voter, advising him thereof and the reason therefor.''

This section was passed in 1942 and amended Section 1486bb-10 of Carroll's Statutes, 1936 Edition, so as to require the automatic change in registration outside cities of the first class where precinct boundaries are changed, similar to the provision of KRS 117.280 for first class cities.

If we read KRS 117.100(2) and 117.280 together, it becomes apparent that the General Assembly intended to cover all situations where precinct boundaries have been changed so as to allow a transfer of registration records without re-registration.

This view of the case is taken by two opinions of the Attorney General filed as exhibits in this case. In order to obviate any difficulty that may arise from variation in the registration forms the Attorney General has suggested that registration records be transferred to the city precincts and that the voters sign new registration cards of the type now used in the City of Louisville when they appear to vote in these precincts on election day.

We do not consider the differences in form and detail between registration outside of cities in the first class and that within such cities to be such matter of substance as to prevent the transfer from taking place.

Our reading of the applicable Statutes convinces us that it was the intent of the General Assembly to provide a simple means for the transfer of registration records without re-registration by the individual voter in all cases where precinct boundary lines are changed and that in accord with the Campbell case, the Statutes should be construed to effectuate that end.

For the reasons stated above, the Chancellor correctly overruled the appellants' demurrers.

Judgment affirmed.